IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Francis X. McGowan<br>507 South 27th Street<br>Philadelphia, PA 19146<br><br>*Plaintiff*<br><br>v.<br><br>Pierside Boatworks, Inc.<br>S/O Resident Agent<br>Susan A. Teschner<br>1300 Pierside St.<br>North Charleston, SC 29405<br>*Defendant.* | Civil Action No. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

COMES NOW the Plaintiff, Francis X. McGowan, by and through his undersigned counsel, and pursuant to 28 U.S.C. §§ 2201 *et seq.,* and 46 U.S.C. § 31343, hereby files this action for Declaratory Judgment against the Defendant, Pierside Boatworks, Inc., and states as follows:

### INTRODUCTION

1. This action is to remove a fictitious lien on the sailing vessel "True Love" recorded by the Defendant Pierside Boatworks, Inc. Defendant rendered services to the sailing vessel "True Love" in 2011 and was fully paid for these services, despite that those services were negligently performed and caused excessive damage to the vessel. Mr. McGowan seeks a declaratory judgment from this Court that the vessel is not subject to the lien Pierside Boatworks, Inc. has alleged against it, because Pierside Boatworks,

Inc. was paid in full for all services rendered and therefore lacked substantial justification to record their lien.

## PARTIES AND JURISDICTION

2. Plaintiff Francis X. McGowan ("Mr. McGowan") is a resident of the Commonwealth of Pennsylvania. Mr. McGowan is the former owner of the sailing vessel "True Love", and is still listed as the owner of record on the vessel's registration with the United States Coast Guard, although the vessel has since been sold and titled by the current owners under state registration.[1]

3. Defendant Pierside Boatworks, Inc. ("Pierside") is a South Carolina corporation in the business of repairing boats, which rendered services to the sailing vessel "True Love" in 2011, resulting in substantial damage to the vessel.

4. The sailing vessel "True Love" ("the Vessel") is a 1981 38-foot C&C sailboat. The Vessel was documented with the U.S. Coast Guard during the time Mr. McGowan owned the Vessel. The Vessel has been sold several times since Mr. McGowan's ownership, though each of these sales has been transacted via changes in state registration, rather than federal documentation.[2] Consequently, the current owner Mr. Jim Schwartz holds state title to the Vessel, while the Coast Guard documentation is still in Mr. McGowan's name. Mr. McGowan does not dispute the current ownership of the Vessel; for the purposes of this litigation it suffices that Mr. McGowan is a prior owner of the Vessel and happens to still be the owner of record on the Vessel's Coast Guard documentation.

---

[1] In addition to Plaintiff's right to file the instant action, the current state titled owner has executed an assignment to Plaintiff, of his right to file and pursue the instant action.
[2] Vessels may be registered federally (Coast Guard documentation) or at the state level. Occasionally, as is the case here, ownership of a federally documented vessel is transferred via state registration and the vessel is federally documented *and* state titled at the same time.

5. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 *et seq*.

6. This action is within this Court's admiralty and maritime jurisdiction arising under 28 U.S.C. § 1333.

7. Plaintiff designates this action as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

**8.** Venue with this Court is proper to 46 U.S.C. § 31343(c)(2) as the instant suit seeks a declaration that the Vessel is not subject to a lien under 46 U.S.C. § 31343(b), and the lien in question was recorded with the Secretary of the Department of Homeland Security, which is headquartered in the District of Columbia.  46 U.S.C. § 31343(c)(2) stipulates that in an action to declare that a vessel is not subject to a recorded maritime lien, venue is proper "where the notice of claim of lien is recorded."  Therefore, as Defendant's notice of claim of lien was recorded with the Secretary of the Department of Homeland Security, via the United States Coast Guard's National Vessel Documentation Center, venue in this action is proper in the District of Columbia.

**UNDERLYING FACTS**

9. In or around February of 2011, Mr. McGowan contracted with Pierside to perform a series of repairs on the Vessel, which was at that time owned by Mr. McGowan.  Pierside performed these repairs at its yard in Charleston, South Carolina between approximately February and June of 2011.

10. In June of 2011, having been told by Pierside that the repairs were completed, Mr. McGowan made preparations to remove the Vessel from Pierside's yard.

As part of these preparations, prior to taking the Vessel off Pierside's premises, Mr. McGowan asked Pierside if he owed them any money for the repairs, and Pierside clearly indicated Mr. McGowan had paid in full for all repairs. Mr. McGowan then boarded the Vessel and moved it off Pierside's premises under motor power.

11. After motoring the Vessel approximately 1000 yards from Pierside's premises, the engine's transmission coupling bolts (which Pierside had installed) sheared, effectively disabling the Vessel.

12. The engine's transmission coupling bolts sheared because Pierside had installed the wrong sized transmission shaft in the Vessel, and then improperly re-attached and re-pitched the propeller.

13. In addition to the improper transmission shaft replacement, Pierside performed a number of improper repairs to the Vessel including:

   a. Replacing a bilge pump with an inoperable bilge pump;

   b. Failing to drill limber holes in the new mast step; and

   c. Failing to replace the backing plates on the Vessel's stanchion bases.

14. Remedying Pierside's improper repairs cost Mr. McGowan an additional $7,969.24 in work, which was performed competently by Charleston City Boatyard.

15. Despite Pierside's acknowledgement that Mr. McGowan had paid for all repairs to the Vessel, and despite the fact that many of Pierside's repairs were improperly made, Pierside recorded a lien for $21,445.76 on the Vessel's United States Coast Guard documentation in December of 2014, over three years after the faulty work was performed.

16. In June of 2011, prior to removing the Vessel from Pierside's premises, Mr. McGowan had paid Pierside in full for all necessaries furnished to the Vessel by Pierside.

17. In June of 2011, prior to removing the Vessel from Pierside's premises, Mr. McGowan secured acknowledgement from Pierside that he had paid Pierside in full for all necessaries furnished to the Vessel by Pierside.

18. No money was owed to Pierside by Mr. McGowan for any services rendered by Pierside to the Vessel.

19. Pierside, at the time it recorded its lien on the Vessel and up to today, had had no substantial justification to record its fictitious lien on the Vessel.

## COUNT I: DECLARATORY JUDGMENT

20. Plaintiff Mr. McGowan re-alleges the foregoing paragraphs as if contained herein.

21. Defendant Pierside has filed a fictitious lien on the Vessel.

22. As a result of this fictitious lien, Mr. McGowan has brought this action pursuant to 28 U.S.C. § 2201 *et.seq.*, for the purpose of determining the question in an actual controversy between the parties regarding the validity of the lien.

23. Pursuant to 46 U.S.C. § 31343(c)(2), this Court may declare that a vessel is not subject to a lien claimed under subsection (b) of § 31343.

24. Pierside does not have a valid maritime lien on the Vessel because it has been paid in full for all services rendered to the Vessel.

25. Alternatively, Pierside does not have a valid maritime lien on the Vessel because it failed to meet its contractual obligations to properly provide services to the Vessel.

26. Alternatively, Pierside does not have a valid maritime lien on the Vessel because Mr. McGowan did not breach a maritime contract with Pierside to perform services on the Vessel.

27. Alternatively, Pierside does not have a valid maritime lien on the Vessel because it did not rely on the credit of the Vessel for the services it allegedly rendered to the Vessel.

28. Pierside's position in filing a maritime lien on the Vessel was not substantially justified, as it was not owed any monies for necessaries rendered to the Vessel.

29. Mr. McGowan has hired the law firm Lochner Law Firm, P.C., and has agreed to pay them a reasonable fee for services to remove the fictitious lien from the Vessel. Mr. McGowan is entitled to recovery of these attorneys' fees pursuant to 46 U.S.C. § 31343(c)(2), which explicitly allows the grant of attorneys' fees to the prevailing plaintiff in actions to declare that a vessel is not subject to a recorded maritime lien.

WHEREFORE Plaintiff, Francis X. McGowan, respectfully requests this Court to adjudge that Defendant Pierside Boatworks, Inc. is not entitled to a maritime lien on the Vessel, that the lien filed by Pierside Boatworks, Inc. against the Vessel be deemed void and improper, and should be stricken from the United States Coast Guard documentation of the vessel. Plaintiff respectfully requests this Court to:

A.  Issue an Order declaring that the lien recorded by Pierside Boatworks, Inc. upon the vessel "True Love", Official Number 655317, is not a proper maritime lien;

B.  Issue an Order of Instruction to the United States Coast Guard's National Vessel Documentation Center that the lien claimed in Pierside Boatworks, Inc.'s December 18, 2014 Notice of Claim of Lien is an improper lien, and that this lien should be immediately stricken from the document on the vessel;

C.  Award the Plaintiff any costs, fees, or damages which this Court deems just and proper, including attorneys' fees as provided by 46 U.S.C.31343(c)(2).

- 8 -

Respectfully submitted this 25th day of April, 2016

                                                /s
                                      _____
Todd D. Lochner
Lochner Law Firm, P.C.
182 Duke of Gloucester Street
Annapolis, MD  21401
443-716-4400 (telephone)
443-716-4404 (facsimile)
tlochner@boatinglaw.com
*Attorneys for Plaintiff*